JONES v. HOLMAN et al.

(Circuit Court, E. D. Pennsylvania. January 30, 1894.)

No. 15.

This was a suit by Joshua R. Jones against William A. Holman and others for infringement of letters patent No. 432,411, for an invention relating to easel albums. Plaintiff obtained a decree, the case being fully reported in 58 Fed. 973. The defendants thereupon filed a petition for a rehearing.

A. B. Stoughton, for complainant.

Hector T. Fenton, for defendant.

DALLAS, Circuit Judge. The defendants' petition for a rehearing, having been argued upon the merits, has been fully considered, but will be disposed of without going into the case at length.

The three claims involved were all adjudged (plainly, it was supposed) to be valid. The exhibit Weiderer Picture Frame No. 4 was not overlooked. It is true that neither the first nor the third claim includes an inclined stand, but they each include a "stand" which is wholly absent from the Weiderer frame. That device discloses nothing resembling a stand, inclined or otherwise, capable of serving as a resting place for the back or edge of the book to roll upon as its cover turns on the fulcrum rod. However much this frame may be supposed to resemble the plaintiff's device, now, when both are seen together, it is obvious, I think, that they are not, in the sense of the patent law, substantially identical or conflicting. The Weiderer contrivance was not designed, and could not be successfully used, to accomplish the object proposed and attained by the patented combination, as set forth in either of the claims in question. The defendants' device, which is especially dealt with in the opinion filed, is the one which was chiefly referred to upon the argument; and, that having been held to be an infringing one, it was not deemed requisite to discuss any other. The reasons for my conclusion that the defendants had infringed, and the ground upon which that finding rests, have been sufficiently stated. I cannot agree that, in the defendants' arrangement, what is called in this petition "the cross-bar of a hinge brace" essentially differs from the corresponding part shown and described in the patent in suit, or that it does not perform the same function. There is nothing suggested by the present petition which had not already been considered, or which, in my opinion, should change the result heretofore announced. Rehearing refused.